UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HAROLD D. JOHNSON,

Plaintiff,

v.

VIRACON,

Defendant.

Civil No. 00-1786 (ADM/SRN)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge for reconsideration of Plaintiff's application for leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) In an order dated August 18, 2000, (Docket No. 4), the Court determined that Plaintiff's IFP application would be "denied at this time," because Plaintiff had not filed a complaint stating any claim on which relief could be granted. In fact, Plaintiff had not filed any complaint at all.

Plaintiff was directed to file a complaint stating an actionable claim by no later than September 18, 2000, and he was advised that his IFP application would be reconsidered if he did so. He was further advised that his case would be subject to summary dismissal if he did not file a proper complaint within the time allowed.

Plaintiff has now filed a complaint, (Docket No. 5), as required by the Court's prior order, and he is therefore entitled to reconsideration of his IFP application at this time. The Court notes, however, that when Plaintiff filed his complaint, he also paid the full $150 filing fee for this action. Plaintiff has not specifically asked the Court to order that service of process be performed by the U.S. Marshal, nor has he suggested that he is unable to

FILED OCT 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

effect service of process on Defendant by his own means. Furthermore, Plaintiff has not indicated that he needs IFP status for any reason other than to avoid paying the filing fee, or to secure an order directing that service of process be performed by the Marshal. In short, it appears that Plaintiff has no current need for IFP status in this matter. His application for IFP status will therefore be denied as moot.

The Clerk of Court will be directed to issue a summons, and Plaintiff will be required to serve that summons, together with a copy of his complaint, on the named Defendant. Service of process must be accomplished in accordance with the requirements of Fed. R. Civ. P. 4. If Plaintiff has not served Defendant, and filed proof of service with the Court, within 120 days after September 19, 2000, (the date when he filed his complaint), this case will be subject to summary dismissal pursuant to Fed. R. Civ. P. 4(m).

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), is DENIED AS MOOT;

2. The Clerk of Court shall issue a summons, and Plaintiff shall be responsible for serving the summons and a copy of the complaint on Defendant in accordance with Fed. R. Civ. P. 4; and

3. If service of process on Defendant is not completed within the 120-day period prescribed at Fed. R. Civ. P. 4(m), this action shall be subject to summary dismissal.

Dated: October 23, 2000

SUSAN RICHARD NELSON
United States Magistrate Judge